UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JIHAN DAVIS,

                                  Movant,

                                                                                               Case # 17-MC-6014-FPG

v.

                                                                                       DECISION AND ORDER

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,

                                  Respondent.
_____

## INTRODUCTION

Pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401–3422 (2012), Jihan Davis ("Movant") seeks an order preventing the National Credit Union Administration ("NCUA") from obtaining access to her financial records at Bank of America, N.A. and quashing the NCUA's administrative subpoena requiring the production of those records from Bank of America. Movant asserts that (1) the subpoenaed records are not relevant to a legitimate law enforcement inquiry; and (2) the NCUA failed to substantially comply with the RFPA. *See* ECF No. 1, at 2. For the reasons that follow, Movant's Motion for Order (ECF No. 1) is GRANTED IN PART and DENIED IN PART.

## NCUA'S FACTUAL ACCOUNT[1]

On or about July 13, 2015, Movant was hired to work as a branch manager at Lexington Avenue Federal Credit Union ("Lexington Avenue"), a federally insured credit union supervised by the NCUA. ECF No. 4, at 2; *see also* 12 U.S.C. §§ 1752, 1756 (2012). In 2016, Lexington

---

[1] The NCUA's Verified Opposition (ECF No. 4) and Declaration of NCUA Trial Attorney Rob F. Robine (ECF No. 4-1) provide the only descriptions of the underlying history.

Avenue flagged irregularities in the data reported from Movant's branch. ECF No. 4, at 2. After investigating the discrepancies, Lexington Avenue determined that Movant had been signing cash out of the vault, indicating that it was deposited somewhere, and then not depositing it in the indicated location. *Id.* Movant's employment was subsequently terminated on or about August 31, 2016. *Id.* at 3.

The NCUA Board ultimately issued an Order of Investigation under 12 U.S.C. §§ 1784(b) and 1786(p) to determine

> the extent of any unsafe or unsound practices, breaches of fiduciary duty, or violations of law or regulations by former Lexington Avenue branch supervisor Jihan Davis; any resulting gain or other benefit to her; any loss or other harm to Lexington Avenue; the nature of her intent and/or personal dishonesty in any such misconduct; as well as any other suspected misconduct, resulting gains or benefits, intention or personal dishonesty by or to any other institution-affiliated party that may come to light during the investigation of the former branch supervisor.

*Id.* The Order of Investigation named NCUA Trial Attorney Rob F. Robine as one of the Officers to Conduct the Investigation, and he issued a subpoena to depose Movant. *Id.* During her deposition, Movant testified:

> (1) that she had never handled more than a "couple hundred" dollars outside of the employment context; (2) that she maintains an account at Bank of America; (3) that in or around March of 2016 she purchased a new vehicle with an approximately $10,000 down payment; (4) that the source of the down payment was savings and a tax refund check; (5) that she lives paycheck; (6) that she did not recall depositing $19,200 in cash into her account at Bank of America on February 29, 2016; and (7) that she would have noticed a deposit of that amount into the Bank of America account.

*Id.* at 4. After obtaining that deposition testimony, Mr. Robine issued the now-contested subpoena on October 13, 2017 and mailed Movant a copy with the requisite customer notice, as outlined in 12 U.S.C. § 3405(2). *Id.* Although Mr. Robine sent the copy via Certified Mail, as of October 26, 2017, it had not been delivered to Movant. *Id.* In response, Mr. Robine mailed another copy of the subpoena and notice that day via U.S. Mail, followed by an emailed copy of both on October 30, 2017. *Id.* The subpoena requested production of the requested documents by October 30, 2017,

*see* ECF No. 4-2, but—as of December 13, 2017—the NCUA had not received Movant's account records from Bank of America, ECF No. 4, at 4.

## DISCUSSION

Movant filed the instant Motion on November 6, 2017. ECF No. 1. She challenges enforcement of the NCUA's administrative subpoena on two grounds: she claims that (1) the records sought are not relevant to a legitimate law enforcement inquiry; and (2) the NCUA did not substantially comply with the RFPA in notifying her that the records had been subpoenaed. *See id.* at 1.

The RFPA sets forth the manner in which bank customers may challenge government access to their financial accounts. *See* 12 U.S.C. § 3410(a), (e); *Lerman v. SEC*, 928 F. Supp. 2d 798, 801–02 (S.D.N.Y. 2013) (citing cases). Under its terms, a customer must file a motion to quash or application to enjoin "[w]ithin ten days of service or within fourteen days of mailing a subpena [sic], summons, or formal written request." 12 U.S.C. § 3410(a). The customer must include

> an affidavit or sworn statement (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of the chapter.

*Id.* If the Court determines that, based on the Government's subsequent response, "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," then it must deny the customer's motion or application and order the contested process enforced. *Id.* at § 3410(c).

Movant does not challenge the legitimacy of the NCUA's inquiry[2]—rather, she disputes the relevancy of the records requested by the NCUA. *See* ECF No. 1, at 2. For district courts in the Second Circuit, the relevancy analysis has been guided by the framework set forth in *In re John Doe*, No. M8-85 (MBM), 1990 WL 119321 (S.D.N.Y. Aug. 10, 1990). *Lerman*, 928 F. Supp. 2d at 802; *Feiner v. SEC*, 914 F. Supp. 2d 474, 477 (S.D.N.Y. 2012); *see also Grenda v. SEC*, Nos. 17-CV-536, 17-CV-537, 2017 WL 4053821, at *2 (W.D.N.Y. Sept. 14, 2017). As explained in *In re John Doe*, the customer must first provide a factual basis for the perceived lack of relevancy. 1990 WL 119321, at *2. In response, the Government need not show that the requested records are, in fact, relevant—it must only show a reasonable belief of such. *Id.* A reasonable belief can be conveyed through a demonstrated connection between the customer and "apparently illicit conduct," since "it is [then] relevant to know whether that person's bank account contains evidence of such conduct." *Id.* The appropriate measure is "a good reason to investigate"—"not probable cause." *Id.*

Movant claims that "the deposits in question are in relations to savings from a previous business while living in Charlotte, NC, and funds provided by close relatives and friends who are not associated/or a party with this investigation." ECF No. 1, at 2. In response, the NCUA notes that Movant "neglected to mention" this in her deposition. ECF No. 4, at 7. The NCUA argues that "[t]he evidence currently possessed tends to show that Davis removed funds from the vault but that those funds never reached the recorded destination." *Id.* It maintains that "[a]ny information shedding light on what happened to the missing currency would be relevant to this investigation." *Id.* Moreover, in Mr. Robine's sworn Declaration, he explains that "[t]he investigation revealed

---

[2] Even if Movant had challenged the investigation's legitimacy, the Court would credit the NCUA's role in supervising federal credit unions and the formal Order of Investigation in this matter. *See, e.g.*, *Lerman*, 928 F. Supp. 2d at 802; *Feiner v. SEC*, 914 F. Supp. 2d 474, 477 (S.D.N.Y. 2012).

information which caused me to believe that [Movant] may have deposited $19,200 in cash in an account in her name at Bank of America within days of a disappearance of $20,000 in cash from the branch where she was a manager." ECF No. 4-1, at 2.

In the Court's estimation, the NCUA has demonstrated a reasonable belief that records from the period during and following Movant's employment are relevant to their investigation into the missing cash. During Movant's tenure as branch manager, money she removed from the vault repeatedly "disappeared," ECF No. 4, at 3, and Lexington Avenue determined that she had been failing to deposit that money in the locations she designated. In addition, Movant testified that she did not recall a $19,200 deposit in her Bank of America account, notwithstanding Mr. Robine's informed belief that the deposit may have occurred—moreover, allegedly within days of $20,000 disappearing from her Lexington Avenue branch. This activity would suggest "apparently illicit conduct" sufficient to prompt a reasonable belief of relevancy and desire to investigate. As Mr. Robine suggests, "[t]he record sought may reflect deposits that coincide with instances on which cash went missing." ECF No. 4-1, at 2.

While the period during and after Movant's employment may be relevant, the same cannot be said for the period predating her employment. Although Movant was not hired until approximately July 13, 2015, the NCUA's subpoena requests the production of documents dating back to January 1, 2015. *See id.* at 7. The Court recognizes the "broad" notion of relevancy afforded when considering an administrative subpoena. *See, e.g.*, *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). However, the NCUA is investigating Movant in her capacity as a former branch manager for Lexington Avenue—in fact, Mr. Robine's sworn Declaration claims that "[t]he subpoena requests only account records for the time period during which [Movant] was employed at the credit union and for a period following

5

her employment." ECF No. 4-1, at 2. The current scope of the subpoena is broader than Mr. Robine maintains, but the Court agrees with the relevancy assessment implied by Mr. Robine's statement: the NCUA's subpoena should be limited to the period during and following Movant's employment.

On a separate front, Movant argues that the NCUA's alleged failure to comply with the RFPA should prevent the disclosure of her financial records. ECF No. 1, at 2. She cites Section 1105(2) of the RFPA (12 U.S.C. § 3405(2)), which sets forth the steps a government authority must take to obtain a bank customer's financial records via administrative subpoena. *See* 12 U.S.C. § 3405. The RFPA instructs that, if the Court finds that "there has not been substantial compliance with the provisions of this chapter," the administrative subpoena must be quashed. *Id.* at § 3405(c). Movant objects to the NCUA's failure to deliver her notice via Certified Mail, which she believes she should have received "prior to Bank of America." *See* ECF No. 1, at 2*.* She also notes that the NCUA did not provide Bank of America with a certificate of compliance, and she maintains that she was not afforded "proper time to object[ and] consult with an attorney." *Id.*

Movant's arguments are unavailing. The RFPA does not require that a customer receive the notice via Certified Mail. *See* 12 U.S.C. § 3405(2). It only required the NCUA to serve Movant's person with a copy of the subpoena and notice, or mail both to her last known address, "on or before the date" on which it served Bank of America. *See id.* The NCUA issued its administrative subpoena on October 13, 2017, and Mr. Robine sent a copy of the subpoena and notice via Certified Mail the same day. ECF No. 4-1, at 2–3. He also mailed a copy of the subpoena to Bank of America with instructions not to produce the records until receipt of his certificate of compliance with the RFPA. *Id.* at 3. When Mr. Robine realized that Movant had not claimed the Certified Mail as of October 26, 2017, he sent her another copy of the subpoena and notice via

6

U.S. Mail, followed by an electronic version on October 31, 2017. *Id.* He did not send the certificate of compliance to Bank of America specifically because he was allowing Movant fourteen days from October 26, 2017—the day he sent the additional copy via U.S. Mail—to file a motion in opposition. *See* ECF No. 4-1, at 3; *see also* 12 U.S.C. § 3410(a) (allowing a customer to file a motion to quash "[w]ithin ten days of service or within fourteen days of mailing of a subpena [sic]"). Movant's additional complaints about the opportunity to object are belied by her filing of the instant Motion (for which Mr. Robine supplied the paperwork), and the RFPA contains no guarantee of time to speak with an attorney—its concern is providing the customer with notice of, and the chance to challenge, the disclosure of financial records. *See* ECF No. 4-1, at 2–3; 12 U.S.C. § 3410(a); *Sandsend*, 878 F.2d at 882 (finding substantial compliance where the customer "knew of the subpoena in time to challenge it"). Accordingly, the Court determines that the NCUA has substantially complied with the RFPA.

## CONCLUSION

For the reasons stated, Movant's Motion for Order (ECF No. 1) is GRANTED IN PART and DENIED IN PART. The NCUA's administrative subpoena should be enforced only for those records from the period during and after Movant's employment with Lexington Avenue.

IT IS SO ORDERED.

Dated: December 18, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court