UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JIHAN DAVIS,

                                 Plaintiff,

                                                                                Case # 17-MC-6014-FPG

v.

                                                                                DECISION AND ORDER

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,

                                 Defendant.

## INTRODUCTION

Plaintiff Jihan Davis brought this action to quash an administrative subpoena for her bank records, which had been issued by Defendant National Credit Union Administration Board ("NCUA"). In an order dated December 18, 2017, this Court granted in part and denied in part Plaintiff's motion to quash. ECF No. 5. Thereafter, the NCUA issued a subpoena commanding Plaintiff to testify at a deposition. Although Plaintiff attended the deposition, the NCUA alleges that she was unresponsive to questioning and, when the deposition was paused to allow Plaintiff to obtain counsel, she failed to submit to a second deposition. The NCUA now moves to enforce the subpoena compelling Plaintiff's deposition. ECF No. 6. Plaintiff objects. For the following reasons, the NCUA's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

Plaintiff was formerly employed as a branch manager at Lexington Avenue Federal Credit Union, a federally insured credit union supervised by the NCUA. ECF No. 5 at 1. On August 31, 2016, the credit union terminated Plaintiff's employment, after determining that she "had been

---

[1] The Court draws these facts from its prior order, as well as the exhibits submitted with the NCUA's motion to enforce. *See* ECF Nos. 5, 6-1.

signing cash out of the vault, indicating that it was deposited somewhere, and then not depositing it in the indicated location." *Id.* at 2.

The NCUA began an investigation into Plaintiff's possible misconduct. In connection with the investigation, NCUA Trial Attorney Rob Robine deposed Plaintiff. After the deposition, Mr. Robine issued a subpoena seeking Plaintiff's financial records at Bank of America, which gave rise to the present litigation. This Court granted in part and denied in part Plaintiff's motion to quash, concluding that the NCUA could obtain financial records from the period during and after Plaintiff's employment with the credit union.

Mr. Robine states that he subsequently uncovered discrepancies between Plaintiff's financial records and her prior deposition testimony. *See* ECF No. 6-1 at 2. On that basis, he issued another administrative subpoena commanding Plaintiff to submit to a deposition. Plaintiff was deposed for a second time on January 31, 2018. Mr. Robine asserts that at the deposition, Plaintiff "refused to answer substantially all of [his] questions on the basis that she wished to retain and consult with counsel." *Id.* at 3. Mr. Robine agreed to pause the deposition to give Plaintiff an opportunity to obtain counsel. Mr. Robine thereafter sent Plaintiff two letters requesting that her counsel contact him in order to complete the deposition. *Id.*; *see also id.* at 45, 47. He received no response.

On May 15, 2018, the NCUA filed the present motion to enforce. It seeks two forms of relief. First, it requests that the Court enforce the administrative subpoena and compel Plaintiff to submit to a deposition. In its proposed order, the NCUA specifies that the deposition would take place on December 12, 2018.[2] Second, contending that Plaintiff has been afforded ample

---

[2] The NCUA submitted a letter to the Court, dated October 18, 2018, and attached the proposed order thereto. The NCUA states that it served a copy of the letter and proposed order on Plaintiff.

2

opportunity to retain counsel, the NCUA asks the Court to decree that Plaintiff may not raise the absence of counsel as a valid objection to any question.

## DISCUSSION

The NCUA has the authority "to subpoena witnesses for purposes of deposition" as part of its statutory investigative powers. *U.S. on Behalf of Nat'l Credit Union Admin. Bd. v. Czosek*, No. Civ-91-62E, 1991 WL 165042, at *1 (W.D.N.Y. Aug. 14, 1991); *see also* 12 U.S.C. § 1784(b); 12 C.F.R. § 747.703. This Court is authorized to enforce such subpoenas, 12 U.S.C. § 1784(b), though its role "is extremely limited," *N.L.R.B. v. Am. Med. Response, Inc.*, 438 F.3d 188, 192 (2d Cir. 2006). "An agency must show only [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry *may be* relevant to the purpose, [3] that the information sought is not already within [its] possession, and [4] that the administrative steps required have been followed." *Id.* (internal quotation marks and ellipses omitted). "A subpoena that satisfies these criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable, or issued in bad faith or for other improper purposes, or that compliance would be *unnecessarily* burdensome." *Id.* at 192-93 (internal quotation marks omitted).

In this case, the requisite criteria are satisfied, and there are no other circumstances militating against enforcement of the subpoena. The NCUA's investigation relates to Plaintiff's alleged involvement in the disappearance of money from a regulated credit union. *See* 12 C.F.R. § 747.703(a) (authorizing General Counsel and his representatives to conduct investigations into "any insured credit union or institution-affiliated parties" to determine compliance with applicable statutes and regulations). A deposition concerning Plaintiff's financial transactions is relevant to that purpose, and—as a result of Plaintiff's noncooperation at the January 2018 deposition—the NCUA does not have such information within its possession. *See* ECF No. 6-1 at 7-43 (deposition

transcript).  Finally, Plaintiff does not dispute that the necessary administrative steps have been followed.

But Plaintiff does contend that, for a number of reasons, she "find[s] it unreasonable and hard to provide further testimony." ECF No. 9 at 2.  She asserts that she no longer has access to various kinds of documentary evidence to support her testimony; that Mr. Robine was vague in his prior questioning; and that "this is a private matter" and she should not have to provide "names of people outside of this matter." *Id.*  Plaintiff also claims that Mr. Robine was not "forthright in telling [her] what the matter was about the very first time [they] spoke which could have allowed [her] to obtain counsel when [she] was financially able." *Id.*

The Court is not persuaded.  While Plaintiff may wish to have certain documents available to her, or may prefer not to identify individuals involved in her previous financial dealings, those considerations do not render the deposition unreasonable or unduly burdensome.  Furthermore, on this record, the Court cannot discern any bad faith or impropriety on the NCUA's part with respect to Plaintiff's ability to retain counsel.  To the contrary, Mr. Robine stopped a deposition and gave Plaintiff additional time so that she could obtain counsel.  After a delay of many months, the deposition should proceed, whether or not Plaintiff has retained counsel.  Therefore, the Court will enforce the subpoena, and Plaintiff is ordered to appear for the deposition at the time and place stated below.

The NCUA's second request need only be addressed briefly.  The NCUA asks the Court to decree that Plaintiff's "failure to retain counsel shall not be a valid objection to any question put to her at deposition."[3]  In the Court's view, such a ruling would be premature and unnecessary.

---

[3] This language is derived from the NCUA's proposed order. *See* note 2, *supra*.

Instead, to the extent that Plaintiff wishes to raise an objection during the deposition, she may do so in the manner contemplated under Federal Rule of Civil Procedure 30(c)(2).[4]

## CONCLUSION

For the reasons discussed above, the NCUA's motion to enforce the administrative subpoena (ECF No. 6) is GRANTED IN PART and DENIED IN PART. Plaintiff is ordered to appear at the offices of Alliance Court Reporting, 120 East Ave. Suite 200, Rochester, New York 14604, at 10:00 A.M. on December 12, 2018, and provide deposition testimony for purposes of the NCUA's investigation. Any objection raised at the deposition is to be handled in the manner contemplated by Federal Rule of Civil Procedure 30(c)(2). The NCUA's motion is otherwise denied. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 25, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[4] That rule provides:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).